# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:05-CR-0069** |
| : | |
| v. : | **(Judge Conner)** |
| : | |
| **DONNA JO HANNON** : | |

## ORDER

AND NOW, this 3rd day of August, 2005, upon consideration of the request of defendant for voluntary surrender, relayed to the chambers of the undersigned by the United States Marshal, and following communications with counsel for defendant and the United States, who both concur in the request, and it appearing that judgment of sentence was entered in the above-captioned case on July 20, 2005 (Doc. 24), that defendant indicated during the sentencing hearing that she would likely give birth in September (Doc. 23), and that defendant was not granted voluntary surrender but was remanded to the immediate custody of the United State Bureau of Prisons to ensure stability in her medical care and to enable her to participate in the "Mothers and Infants Together (MINT) Program," in which mothers who give birth while in the custody of the Bureau of Prisons are permitted to maintain contact with their children for a limited period (Doc. 24 at 2), and it further appearing, based on communications with United States Marshal and counsel for defendant and the United States, that defendant is expected to give birth within the next week, before she will be designated for placement in a federal corrections facility, and will not be permitted to convalesce at the medical facility at which she gives birth or to maintain contract with her child for any period, see

L.R. 7.10 (permitting motion for reconsideration of judgment); see also FED. R. CRIM. P. 47(b) (prescribing form of motions), and the court finding by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community if released pending the execution of sentence subject to the conditions of release previously imposed, see 18 U.S.C. § 3143(a) (permitting release of a person awaiting "execution of sentence" if the "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community"), it is hereby ORDERED that:

1. The judgment of sentence (Doc. 24) is AMENDED as follows:

    a. In the first sentence of the third paragraph of page 2, the phrase "is remanded to the custody of the United States Marshal" is deleted as is replaced with the phrase "shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on September 21, 2005," so that the sentence reads: The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on September 21, 2005.

    b. After the first sentence of the third paragraph of page 2, the following sentence is added: The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

2. The request for voluntary surrender is GRANTED as follows:

    a. The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on September 21, 2005.

    b. The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

      c.      Pending surrender, the conditions of release previously imposed shall remain in full force and effect.

3. The United States Marshal is directed to deliver a copy of this order to defendant.

4. The Clerk of Court is directed to forward a copy of this order to the appropriate representative of the Bureau of Prisons with the following recommendation:

   **The court strongly recommends that the defendant be accepted for placement in the Mothers and Infants Together (MINT) Program**, notwithstanding the potential effects on the eligibility for the program due to her unexpectedly delivery of her child, prior to voluntary surrender.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge